IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eric Alan Sanders, ) | C/A No. 0:18-2601-JMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| South Carolina Workers' Compensation ) | |
| Commission; Mike Campbell; Scott Beck; ) | |
| Barbara Cheeseboro; Susan Barden; Eugenia ) | |
| Hollmon; Valerie Deller; Shawn Debruhl; ) | |
| Gary M. Cannon, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Eric Alan Sanders, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132. The Complaint has been filed pursuant to 28 U.S.C. § 1915. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) on Plaintiff's motion for appointment of counsel. (ECF No. 54.)

While the court may use its discretion to request counsel to represent an indigent in a civil action, there is no absolute right to appointment of counsel. See 28 U.S.C. § 1915(e)(1); Mallard v. United States Dist. Court for S. Dist. of Iowa, 490 U.S. 296 (1989). Such discretion "should be allowed only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). Whether exceptional circumstances are present depends on the type and complexity of the case, and the *pro se* litigant's ability to prosecute it. Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984), abrogated on other grounds by Mallard, 490 U.S. 296.

In his current motion, Plaintiff argues that appointment of counsel is warranted because he is indigent, he suffers from agoraphobia, he suffers from depression, and he has contacted multiple attorneys who were not able to assist him.

Upon review of Plaintiff's motion, as well as the record presented in this matter, the court concludes that there are no exceptional or unusual circumstances presented at this time, nor would Plaintiff be denied due process if the court denied Plaintiff's request for counsel. Id. Plaintiff has thus far demonstrated his ability to provided abundantly detailed filings and prosecute his claims. The reasons he advances in his motion do not distinguish him from other self-represented claimants and do not present the exceptional circumstances required by prevailing law. Accordingly, Plaintiff's motion requesting counsel under 28 U.S.C. § 1915(e)(1) is denied. (ECF No. 54.)

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 4, 2019
Columbia, South Carolina