IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eric Alan Sanders, | C/A No. 0:18-2601-JMC-PJG |
| Plaintiff, | |
| v. | **ORDER** |
| South Carolina Workers' Compensation Commission; Mike Campbell; Scott Beck; Barbara Cheeseboro; Susan Barden; Eugenia Hollmon; Valerie Deller; Shawn Debruhl; Gary M. Cannon, | |
| Defendants. | |

The plaintiff, Eric Alan Sanders, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132. The Complaint has been filed pursuant to 28 U.S.C. § 1915. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) on the plaintiff's motion for subpoenas. (ECF No. 53.) Plaintiff's motion requests the court to subpoena a non-party—the United States Equal Opportunity Commission—for documents and files.

Discovery in civil cases filed in this court is governed by the Federal Rules of Civil Procedure, and absent a dispute, the court generally does not enter the discovery process. See generally Fed. R. Civ. P. 26 through 37; see also Fed. R. Civ. P. 45. These rules are applicable to all litigants including those who are proceeding *pro se*. According to Rule 26(b)(1) of the Federal Rules of Civil Procedure, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."

*PJG*

The court's authorization of a subpoena *duces tecum* requested by an *in forma pauperis* plaintiff is subject to limitations, including the relevance of the information sought as well as the burden and expense to a person subject to the subpoena. See Fed. R. Civ. P. 26(b) & 45(d)(1); Jackson v. Brinker, No. IP 91-471-C, 1992 WL 404537, at *7 (S.D. Ind. Dec. 21, 1992) (finding that the court may refuse an indigent party's request to have the United States Marshals Service serve a Rule 45 subpoena *duces tecum* that is "frivolous, requests immaterial or unnecessary information, is unduly burdensome, would be reasonably certain to result in the indigent's responsibility for significant compliance costs for which he cannot provide, or is otherwise unreasonable or abusive of the court's process"). The court notes that, although the plaintiff has been granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915(d), such status does not mean that the plaintiff's discovery expenses are underwritten or waived. See, e.g., Badman v. Stark, 139 F.R.D. 601, 604 (M.D. Pa. 1991) (holding that an indigent plaintiff seeking issuance of a subpoena must simultaneously tender the witness fees and the estimated mileage allowed by law with the service of the subpoena); see also Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993) ("There is no provision in [28 U.S.C. § 1915] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant."). While the plaintiff's *in forma pauperis* status may permit service of a subpoena *duces tecum* by the United

States Marshals Service without prepayment of the cost of service,[1] the court must limit a plaintiff's discovery requests if the documents sought from the non-party are "cumulative or duplicative, or can be obtainable from some other source that is more convenient, less burdensome, or less expensive." See Fed. R. Civ. P. 26(b)(2)(C); see also Badman, 139 F.R.D. at 605 ("The Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena *duces tecum*."). Additionally, the plaintiff should demonstrate that the requested records are obtainable only through the identified third party and that he has made provisions to pay the reasonable costs associated with the discovery he seeks. See Badman, 139 F.R.D. at 605; Sickler v. Curtis, No. 2:11-cv-0205, 2012 WL 3778941, at *2 (E.D. Cal. Aug. 31, 2012).

In his current motion, Plaintiff has not presented all of the information necessary for the issuance of a subpoenas *duces tecum*. Specifically, Plaintiff must:

(1) clearly identify what documents he is seeking and from whom;

(2) explain how the requested documents are relevant to his case;

(3) show that the requested documents are obtainable only through the identified third party;

(4) show that he has arranged for service of his proposed subpoenas *duces tecum* pursuant to Rule 45 of the Federal Rules of Civil Procedure or, in the alternative, provide the court with completed USM-285 forms so that service can be effected by the United States Marshals Service (see 28 U.S.C. § 1915(d); see also Fed. R. Civ. P. 4(c)(3)); and

---

[1] The plaintiff is advised that the cost of service by United States Marshals Service is considered an item of cost which may, at the court's discretion, be included as judgment against the plaintiff at the conclusion of the action pursuant to 28 U.S.C. § 1915(f) if the plaintiff does not prevail. See Flint v. Haynes, 651 F.2d 970, 972-73 (4th Cir. 1981); 28 U.S.C. §§ 1920, 1921(a)(1) (stating that the court may tax as costs fees of the United States Marshals Service, such as the service of subpoenas).

(5) demonstrate to the court that he has made provision or has the funds necessary to pay the subpoenaed party for the costs associated with the production of the requested documents.

It is therefore

**ORDERED** that Plaintiff's motion for subpoenas is denied with leave to re-file to provide the court with the additional information outlined above within fourteen (14) days from the date of this order. The Clerk of Court is directed to provide Plaintiff with a blank subpoena form and a blank USM-285 form for Plaintiff's use, if needed.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 4, 2019
Columbia, South Carolina