# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Eric Alan Sanders, | ) |
|                Plaintiff, | ) Civil Action No. 0:18-cv-02601-JMC |
| v. | ) **ORDER AND OPINION** |
| South Carolina Workers' Compensation, Commission; Mike Campbell; Scott Beck; Barbara Cheeseboro; Susan Barden; Eugenia Hollmon; Valerie Deller; Shawn Debruhl; Gary M. Cannon | ) |
|                Defendants. | ) |

The matter before the court is Plaintiff Eric Alan Sanders' Motion for Recusal pursuant to 28 U.S.C. § 455. (ECF No. 23.) Plaintiff alleges that the federal district court has displayed discriminatory animus towards him in former proceedings and therefore recusal is mandatory. For the reasons stated below, the court **DENIES** plaintiff's motion with prejudice.

Section 455(a) requires a federal judge to "disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." Recusal is unwarranted when an allegation of impartiality is "unsupported, irrational, or highly tenuous speculation" or because the presiding judge "possesses some tangential relationship to the proceedings." *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (citing *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998)). Section 455(b) further provides specific circumstances where recusal is mandated, including "[w]here [she] has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1); *Liteky v. United States*, 510 U.S. 540, 567 (1994). A party must provide compelling evidence to show bias or prejudice stemming from "an extra judicial source . . . other than what

1

the judge learned from [her] participation in the case." *United States v. Grinnel Corp.*, 384 U.S. 563, 583 (1966); *See also Brokaw v. Mercer Cty.*, 235 F.3d 1000, 1025 (7th Cir. 2000).

Here, Plaintiff claims that recusal is warranted because the undersigned judge is a former government employee of the State of South Carolina at the South Carolina Workers' Compensation Commission (ECF No. 23 at 3), and that the court's dismissal of a prior case for failure to attend a deposition shows discriminatory animus regarding his alleged mental disabilities. (ECF No. 24 at 4.) Plaintiff offers no extrajudicial sources of bias or prejudice to support of his allegations and merely disagrees with the court's unfavorable ruling. *See Belue v. Leventhal*, 640 F.3d 567, 572 (4th Cir. 2011) ("[W]hile recusal motions serve as an important safeguard against truly egregious conduct, they cannot become a form of brushback pitch for litigants to hurl at judges who do not rule in their favor.") Therefore, Plaintiff's motion for recusal (ECF No. 23) is **DENIED** with prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 22, 2019
Columbia, South Carolina

2